UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:25-cv-00045-SRW |
| ) | |
| GREGORY HANCOCK, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, of state-court prisoner Stanley Johnson (Missouri registration no. 532402). ECF No. 1. Petitioner also moves for leave to proceed *in forma pauperis*, or without prepayment of fees and costs in this matter. ECF No. 3. Upon review of the financial affidavit submitted in support of his motion, the Court has determined that Petitioner is unable to pay the filing fee. As such, the motion to proceed *in forma pauperis* will be granted and the filing fee waived. Furthermore, the Court has reviewed the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and finds it is an unauthorized second or successive petition. As such, the petition will be denied and dismissed without prejudice. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner's motion for appointment of counsel will be denied as moot.

**Background**

Petitioner was convicted by a Missouri state-court jury of murder in the first degree and forcible rape, in May 1994. ECF No. 1 at 1-2; *see also State v. Johnson,* No. 2106R-04034-01 (21st Jud. Cir., 2006). On July 2, 2009, the state court sentenced him to life in prison. Petitioner's sentence was affirmed by the Missouri Court of Appeals in November 2010. *State v. Johnson*, 328 S.W.3d 385 (Mo. Ct. App. 2010).

In October 2013, while in custody pursuant to the judgment in *State v. Johnson,* Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *Johnson v. Wallace,* No. 4:13-cv-1994 JMB (E.D. Mo. 2013). In that case, Petitioner challenged the judgment of conviction in *State v. Johnson.* On February 26, 2016, the Court denied and dismissed the petition after finding that Petitioner's claims were untimely. *Id*. Petitioner did not appeal.

Petitioner Johnson (Missouri registration no. 532402) filed three additional §2254 petitions between 2019 and 2024, that were all dismissed under Federal Rule of Civil Procedure 41(b), after he failed to comply with a Court order. *See Johnson v. Lewis*, No. 1:19-cv-234-SRC (E.D. Mo. 2019) (dismissed Feb. 13, 2020); *Johnson v. Stange*, No. 1:23-cv-5-SRC (E.D. Mo. 2023) (dismissed May 22, 2023); *Johnson v. Stange*, No. 1:24-cv-171-NCC (E.D. Mo. 2024) (dismissed Jan. 21, 2025).

In August 2024, Petitioner filed yet another application for federal habeas relief under § 2254 in this Court. *See Johnson v. Stange*, No. 1:24-cv-162-PLC (E.D. Mo. 2024). That petition was denied and dismissed as a second or successive petition without authorization from the Eighth Circuit, in September 2024. *Id.* at ECF Nos. 5-6.

Petitioner appealed that dismissal to the Eighth Circuit Court and in December 2024, the appellate court denied Petitioner's motion for authorization to file a successive habeas application. *Id.* at ECF No. 22. Petitioner's request for a rehearing by the panel was denied on January 23, 2025. *Id.* at ECF No. 28. The mandate was issued on January 30, 2025. *Id.* at ECF No. 29. Petitioner filed the instant § 2254 petition less than a month later.

## The Instant Petition

Petitioner filed his pending § 2254 petition by placing the application for a writ in the prison mailing system at Southeast Correctional Center on February 19, 2025. ECF No. 1 at 13. He challenges the same judgment of conviction that he challenged in all his prior § 2254 petitions, *State v. Johnson,* No. 2106R-04034-01. In this petition, Petitioner asserts that he wanted to represent himself in his state trial, and that he should have been able to fire his counsel. *Id.* at 4. He also asserts a claim of ineffective assistance of trial counsel. *Id.* at 6. Petitioner does not assert any claims of defect or error related to this Court's decision regarding his first § 2254 habeas petition. Nor does he seek relief from the judgment entered in that case.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or

successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition"). The Supreme Court recently discussed this requirement, stating:

> a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of §2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court.

*Rivers v. Guerrero*, 605 U.S. --, 2025 WL 1657406, *4 (June 12, 2025) (citing § 2244(b)(3) (emphasis in original).

Petitioner here filed his first § 2254 petition on his *State v. Johnson* convictions in 2013. *Johnson v. Wallace,* No. 4:13-cv-1994 JMB (E.D. Mo. 2013). His petition was denied in February 2016 as untimely. In September 2024, another § 2254 petition based on Petitioner's *State v. Johnson* conviction was denied and dismissed as a second and successive application without authorization. *Johnson v. Stange*, No. 1:24-cv-162-PLC (E.D. Mo. 2024). Just recently, in January 2025, the Eighth Circuit Court of Appeals denied Petitioner authorization to file a successive habeas application. *Id.* at ECF No. 22.

4

Now before the Court is another § 2254 petition based on *State v. Johnson*. Court records indicate that Petitioner has been denied authorization to bring this second or successive case by the Eighth Circuit. As such, this petition must be denied and dismissed as successive. *See Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals). The Court finds that it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit.

Finally, the Court has considered whether to issue a certificate of appealability. To do so in this case, the Court must find "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not find this procedural ruling to be one that can be reasonably disputed and will therefore not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF No. 1] is **DENIED and DISMISSED as second or successive**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 2] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of June, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE